**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| BRIAN DUFFY,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK, N.A.<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civ. No. 24-8823 (KMW) (MJS)<br><br><br>**MEMORANDUM ORDER** |

    **THIS MATTER** comes before the Court upon Defendant TD Bank, N.A.'s ("Defendant") Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) *Pro se* Plaintiff Brian Duffy ("Plaintiff") has not opposed the Motion or otherwise appeared.[1]

    **WHEREAS,** under the Fair Credit Reporting Act ("FCRA"), furnishers of credit information have a duty to provide accurate information, *see* 15 U.S.C. § 1681s-2(a); and

    **WHEREAS,** Courts in this District have clearly established that a plaintiff alleging a 1681s-2 claim must make a threshold showing of inaccuracy, *see Esperance v. Diamond Resorts*, No. 18-10237, 2022 WL 1718039, at *5 (D.N.J. May 27, 2022) (noting "[c]ourt[s] have explicitly held that a showing of inaccuracy is essential to a [Section] 1681s-2(b) claim."); *Perry v. Equifax Info. Servs., LLC*, No. 23-66, 2023 WL 6579160, at *4 (D.N.J. Oct. 10, 2023) (same); and

---

[1] Pursuant to 28 U.S.C. § 1446(d), Defendant has provided Plaintiff written notice of the filing of the Notice of Removal (ECF No. 1), which was filed in the Superior Court of New Jersey, Cape May County, Law Division bearing Docket No. CPM-L-315-24. *See Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013) ("It is well-established that courts 'may take judicial notice of proceedings in other courts that relate to matters at issue.'").

**WHEREAS,** Plaintiff's Complaint alleges that Defendant furnished inaccurate information because his payment was made only twenty-nine (29) days late, on July 30, 2022, (*see* Complaint ("Compl."), ¶ 21(h), ECF No. 1-1); and

**WHEREAS,** the express terms of the home equity line of credit account ("HELOC") agreement between Plaintiff and Defendant state that electronic transfer payments made on a non-business day are effective on the following business day, (*see* Certification of Jennifer A. Harris ("Harris Cert."), Exhibit A, HELOC Agreement at ¶ 9, ECF No. 4-3)[2]; and

**WHEREAS,** July 30, 2022 was a non-business day, the Court finds that Plaintiff's July 30, 2022 payment was effective the next business day, on August 1, 2022; and

**CONSEQUENTLY,** the Court finds that Plaintiff's payment was thirty (30) days past due and therefore Defendant's reporting was accurate; and

**WHEREAS,** the Court further finds that Plaintiff's contention that Defendant did not conduct a meaningful investigation is belied by Plaintiff's attachments to his Complaint, which demonstrate that Defendant reviewed his online payment history before determining the payment was made on a weekend in support of Defendant's conclusion that his loan was 30 days past due and that Defendant had an obligation to accurately report the payment to the credit reporting agencies, (*see* Compl., Ex. C); and

**WHEREAS,** the Court further finds that any of Plaintiff's common law claims that this Court can glean from his inartfully plead Complaint—for breach of contract, breach of fiduciary duty, intentional impairment of credit, gross negligence, willful negligence, and negligence, (*see*

---

[2] On a motion to dismiss, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Here, the HELOC Agreement is integral to Plaintiff's breach of contract claim and its authenticity is undisputed. (*See* Compl., ¶ 1, Ex. C.)

Compl., ¶ 1)—are preempted by operation of the FCRA, *see Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 451 (D.N.J. 2010) (finding plaintiff's common law claims preempted pursuant to Section 1681t(b)(1)(F)); and the Court further noting that Plaintiff acknowledges that the FCRA is the applicable statutory scheme to his claims, (*see* Compl., ¶ 1); and

 **WHEREAS**, the Court further finds that Plaintiff does not allege what provision of the HELOC Agreement was breached, (*see generally* Compl.); *see Faistl v. Energy Plus Holdings, LLC*, No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012) ("To state a claim for breach of contract under New Jersey law . . . . [t]he plaintiff must specifically identify the portions of the contract that were allegedly breached."); and

 **WHEREAS**, Plaintiff does not allege Defendant owed him a duty beyond its FCRA obligations in support of his claims for negligence or breach of fiduciary duty, *see Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988) (holding creditor-debtor relationship insufficient to substantiate finding a duty since creditors and debtors are adversarial by nature); *Graddy v. Deutsche Bank Tr. Co. Americas as Tr.*, No. 11-3038, 2012 WL 762246, at *5 (D.N.J. Mar. 6, 2012) (same) (citing *Paradise Hotel Corp.*, 842 F.2d at 53); and

 **CONSEQUENTLY,** for all the foregoing reasons; and for good cause shown;

 **IT IS** on this 22 day of April 2025,

 **ORDERED** that Defendant's motion to dismiss (ECF No. 4) is **GRANTED;** and Plaintiff's Complaint (ECF No. 1-1) is **DISMISSED with prejudice**; and further

 **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and mark this matter **CLOSED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE